Mullan, J.
The. claim of the plaintiffs, garage owners, for supplies and car storage furnished the defendant, the owner of an automobile truck, is admitted; and the issue here arises under the counterclaim. *377 One evening, when the truck was brought into the garage by the defendant’s chauffeur, there were upon it five flasks of quicksilver, of the value of $500. The chauffeur, for the greater safety of this readily removable property, placed it, with plaintiffs’ consent, in the private office, notifying the custodian of the garage that he would take the truck out at five-thirty the next morning, which was an unusually early hour. On the. following morning, before five-thirty, an unidentified man called at the garage for the truck, and also for the quicksilver which he knew, somehow, was in the office, and the custodian at that time, who was not the custodian in charge the night before, helped the man put the quicksilver on the truck, and assisted him in driving the truck out of the garage. No representation was made in any form by the thief, for such he was conceded to be, that he was connected with, or came on behalf of, the defendant; nor was any evidence of authority to take away the truck and quicksilver asked for by the man in charge of the garage. The thief, when at some little distance from the garage, abandoned the automobile, after removing the quicksilver, which has never been recovered. The court below dismissed the counterclaim upon the ground that the placing of the quicksilver in the plaintiffs’ office put the risk of its loss upon the defendant. It seems to us that that was an erroneous view, and that the facts, as to which there was no dispute, show that the plaintiffs did not exercise sufficient care to protect the property of their customer. We do not think it would serve any purpose to decide whether the plaintiffs were, as to the quicksilver, gratuitous bailees, or whether the bailment was coupled with an interest. Regarding the service of storing the quicksilver as a mere gratuity we are of the opinion that in view of the nature of the plaintiffs ’ business, they did not take *378 adequate measures to guard against the very sort of thing that occurred here and occasioned the loss of which defendant complains. McKillop v. Reich, 76 App. Div. 334; Wilson v. Wyckoff, Church & Partridge, 133 id. 92; affd., without opinion, 200 N. Y. 561. As the facts are admitted, and the plaintiffs have conceded that the value of the stolen quicksilver was $500, there is no need of a new trial.
Judgment reversed, with $30 costs, and judgment directed for the defendant for $308.16, being the difference between plaintiffs’ claim and defendant’s counterclaim, with appropriate costs in the court below.
Guy and Bijur, JJ., concur.
Judgment reversed, with thirty dollars costs.